UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM JOHN MARNEY, JR. | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No: 3:24-cv-00332 |
| v. | ) | |
| | ) | Judge Christopher H. Steger |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

**I.  Introduction**

Plaintiff William John Marney, Jr. ("Marney") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial of benefits by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 15].

Each party has filed a brief seeking judgment in their favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 11, 20, 21]. For reasons that follow, Plaintiff's request for relief [Docs. 11, 21] will be **GRANTED**, the Commissioner's request for relief [Doc. 20] will be **DENIED**, and the decision of the ALJ is **REMANDED**, under sentence four of 42 U.S.C. § 405(g).

**II.  Procedural History**

On September 16, 2022, Plaintiff applied for disability insurance benefits under the Act, alleging disability as of February 27, 2016. (Tr. 21). Plaintiff's claims were denied initially as well

1

as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

A hearing was held on August 2, 2023, that included Plaintiff's attorney. *Id.* Administrative Law Judge Mary E. Helmer ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 39-79). The ALJ then rendered her decision on August 30, 2023, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 21-31).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 5). Exhausting his administrative remedies, Plaintiff then filed his Complaint [Doc. 1] on August 11, 2024, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

### III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2019.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of February 27, 2016, through his date last insured of June 30, 2019 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: lumbar fusion at L3-5, degenerative changes in the cervical spine, degenerative joint disease of the knee, avascular necrosis of the hip and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR

404.1567(a).

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on May 13, 1971 and was 48 years old, which is defined as a younger individual age 18-44, on the date last insured. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 27, 2016, the alleged onset date, through June 30, 2019, the date last insured (20 CFR 404.1520(g)).

(Tr. 21-31).

### IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, he is not disabled; (2) if a claimant does not have a severe impairment, he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, he is disabled; (4) if the claimant is capable of returning to work he has done in the past, he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, he is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering his age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute

their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**V.    Analysis**

Among other things, Plaintiff claims that the ALJ did not properly address medical source opinions in accordance with the regulations. Specifically, Plaintiff argues that the Compensation & Pension Examinations from the Veteran Affairs ("VA") medical records, dated May 24, 2013, to January 28, 2016, were not discussed by the ALJ whatsoever. [Doc. 12 at 14-18]. The Court addresses this challenge below, ultimately concluding that the ALJ's consideration of these medical opinions and the resulting RFC were not properly supported as required by the regulations. *See* 20 C.F.R. § 404.1520c.

Under the Social Security Regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). However, the regulations do require the ALJ to assess medical opinions for persuasiveness. 20 C.F.R. § 404.1520c(a). A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *2 (6th Cir. Nov. 22, 2022) (citing 20 C.F.R.§ 404.1513(a)(2)). "A medical opinion is distinct from 'objective medical evidence,' *id.* § 404.1513(a)(1), or 'other medical evidence,' *id.* § 404.1513(a)(3), neither of which are required to be considered or assessed for their persuasiveness, *see id.* § 404.1520c(a)." *Robinson*, No. 22-1397, 2022 WL 17168444, at *2 (cleaned up).

An ALJ is required to articulate how persuasive they find each medical opinion in the record, specifically discussing supportability and consistency. 20 C.F.R. § 404.1520c. Supportability involves how a medical source supports their own opinion through objective medical evidence and explanations. *Id.* at (c)(1). Consistency involves how the opinion compares with evidence from other medical and nonmedical sources. *Id.* at (c)(2). "A reviewing court 'evaluates whether the ALJ properly considers the factors as set forth in the regulations to determine the persuasiveness of a medical opinion.'" *Toennies v. Comm'r of Soc. Sec.*, No. 1:19-CV-02261, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019)).

Plaintiff argues that the ALJ failed to follow the regulations when crafting Plaintiff's RFC, by not evaluating all medical opinions for persuasiveness. [Doc. 12 at 15]. To solidify his point, Plaintiff points to Compensation & Pension Exams in the record, dated 2013 to 2016, which he

claims were not discussed or analyzed by the ALJ. (Tr. 17). These exams note Plaintiff's pain, fatigue, lack of endurance, and discomfort in his back and lower left extremity. [Doc. 12 at 17 (citing Tr. 457, 455, 460, 522, 523, 529)]. Regarding his back condition, the cited record contains opinions by Nurse Practitioner Nancy Ortiz, stating that his condition affects: (1) movement, like sitting or standing for periods of time; (2) completing household chores like vacuuming; and (3) working as a truck driver, due to the bouncing and sitting which aggravates his pain. [*Id.*]. Regarding his lower left extremity, the exam notes state that he was experiencing severe pain and moderate numbness in that area. [*Id.*]. Finally, Plaintiff cites an opinion by NP Ortiz which specifically states that his back condition "preclude[s] gainful physical occupations particularly that requiring [sic] sustained sitting, standing, lifting, loading, or climbing." [Doc. 12 at 17 (citing Tr. 523)]. The Commissioner argues that the records specifically cited by Plaintiff, dated November 2014 and October 2015, predate Plaintiff's alleged date of the onset of his disability (February 27, 2016), and do not require analysis because Plaintiff did not explain how this evidence reflects his functioning during the relevant period of 2016 to 2019. [Doc. 20 at 7]. This Court disagrees.

The Sixth Circuit has held that it does "not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]" *Deboard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 414 (6th Cir. 2006). Instead, the Sixth Circuit has said that evidence "predating the onset of disability, when evaluated in combination with later evidence, may help establish disability." *Id.* The evidence at issue here has to do with Plaintiff's ability to sit and stand for periods of time, his back pain, and his inability to perform certain household chores. The Court finds that this is relevant evidence that could help establish disability, because most of Plaintiff's hearing testimony

7

and the other medical records revolve around these issues and their development over time. *See id.* (finding that evidence predating onset of disability is helpful when the disabling condition is progressive); *Daniel v. Colvin*, No. 1:14–CV–775, 2015 WL 5530210, at *4 (S.D. Ohio Sept. 21, 2015) ("[A]lthough [the doctor] issued his opinion before the alleged onset date of disability, it is not necessarily irrelevant and may support Plaintiff's disability claim when considered in the context of the entire record.").

Plaintiff specifically cited to records dated November 21, 2014, and October 7, 2015—fifteen months and four months, respectively, before the alleged onset date. [Doc. 12 at 17 (citing Tr. 457, 524)]. The Sixth Circuit and other district courts in the Sixth Circuit have found that pre-onset date evidence should be discussed in the ALJ's opinion. *See DeBoard*, 211 F. App'x at 414. The influence of this evidence, however, can depend on the proximity in time of the pre-onset date evidence to the alleged onset date, and whether the pre-onset date evidence can establish disability when combined with other evidence in the record. *See id.* (stating that records from two years prior were not "necessarily irrelevant or automatically barred from consideration"); *O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp. 3d 909, 915 (S.D. Ohio 2016) (holding that the ALJ erred by not considering a medical opinion given more than two years before the alleged disability onset date, when the medical opinion was "consistent" and "similar" to other limitations noted in the record); *Kimbleton v. Comm'r of Soc. Sec.*, No. 2:10-CV-559, 2011 WL 3584471, at *2 (S.D. Ohio Aug. 15, 2011) (holding that the ALJ should have addressed the doctor's report, "even if he discounted it due to its having been issued a year before Plaintiff's alleged onset date"). Thus, a medical opinion or evidence from four months prior to the alleged onset of disability that discusses Plaintiff's back pain, functional limits, and inability to do physical occupations involving standing, lifting, loading, and climbing certainly could be relevant to Plaintiff's disability determination.

When viewed in the light of the entire record, the Court cannot find that the ALJ's failure to consider the VA medical records before 2016, specifically NP Ortiz's opinions, was harmless. *See Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (stating that the ALJ must "articulate reasons . . . for crediting or rejecting particular sources of evidence"); *Lowery v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 700, 718 (S.D. Ohio 2012) ("Although the ALJ was not bound by that finding, he was required to consider the VA finding and articulate one or more reasons for rejecting that finding."); *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 726 (E.D. Mich. 2011) (noting that a majority of circuits plainly require some discussion by the ALJ regarding VA disability determinations).

For example, while the ALJ claimed the record failed to show deficits in Plaintiff's range of motion in the extremities or spine, NP Ortiz specifically said that there was additional reduction in range of motion when Plaintiff experienced flares. (*See* Tr. 26, 526). The ALJ also noted that the evidence showed Plaintiff could perform sedentary work, while NP Ortiz opined that Plaintiff could not perform sedentary work, due to his pain from sustained sitting. (*See* Tr. 26, 470). The ALJ did not have to incorporate every limitation from NP Ortiz's recommendation; however, under Social Security Ruling 96-8p, the ALJ must explain why an opinion was not adopted when it conflicts with an opinion from a medical source. *See Kinney v. Comm'r of Soc. Sec.*, No. 23-3889, 2024 WL 2273365, at *3 (6th Cir. May 20, 2024). The ALJ failed to do that here. And while the Commissioner did not make an argument about whether the records from the VA should be considered medical opinions, the Court notes that the Sixth Circuit has found that disability decisions from other governmental agencies should be taken into account and discussed in the opinion. *See Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985); *King*, 779 F. Supp. 2d at 726 ("[T]he VA's decision is simply another fact that the ALJ must take into account when considering

9

all the evidence").

This Court finds the ALJ did not analyze the VA medical records prior to 2016, and thus failed to comply with the regulations governing consideration of medical evidence. If an ALJ fails to follow agency rules and regulations, as happened here, we find a lack of substantial evidence, even if there is evidence in the record to support the ALJ's ultimate conclusion. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Remand of Plaintiff's claim is therefore necessary for reconsideration of the VA medical opinions to allow the ALJ to fully consider and explain the evidence in accordance with the regulations.

Because remand of Plaintiff's claim is required to reconsider the medical opinions from the VA records, which may warrant a change to Plaintiff's RFC, the Court does not need to address Plaintiff's remaining arguments. *See Gross v. Kijakazi*, No. 1:21-CV-00022, 2022 WL 4102774, at *8 (M.D. Tenn. Aug. 19, 2022), report and recommendation adopted, No. 1:21-CV-00022, 2022 WL 4097708 (M.D. Tenn. Sept. 7, 2022).

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10–207, 2011

WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)). Here, there is insufficient support for the ALJ's findings, and the factual issues have not been resolved. This matter shall therefore be remanded for rehearing under sentence four.

## VI. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 11, 21] will be **GRANTED**, the Commissioner's request for relief [Doc. 20] will be **DENIED**, and the decision of the ALJ is **REMANDED**, under sentence four of 42 U.S.C. § 405(g).

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE